UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
**PATRICIA LEWIS**,                                          :
                                                             :
                                     Plaintiff,              :
                                                             :   **MEMORANDUM DECISION AND**
                                                             :   **ORDER**
                        – against –                          :
                                                             :   23-CV-5632 (AMD) (PK)
                                                             :
**NATIONSTAR MORTGAGE LLC,**                                 :
**CHAMPION MORTGAGE COMPANY**, **ROS**                       :
**BORIKEN LLC**, **MARK I. PARTNOW,**                        :
**UNITED STATES OF AMERICA**,                                :
**SECRETARY OF HOUSING URBAN**                               :
**DEVELOPMENT**, **JAY BRAY**, **JESUS CRUZ**,               :
**JOSEPH GORYEB**, **SUSAN A WEAT**, **SICKI,**              :
**ROSSICKI & ASSOCIATES, P.C.**, and                         :
**STEPHANI A. SCHENDLINGER**,                                :
                                                             :
                                     Defendants.             :
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

On July 26, 2023, the pro se plaintiff filed this action in the United States District Court

for the Southern District of New York.[1]  Among other things, the plaintiff alleges 42 U.S.C. §

1983 violations, constitutional due process violations, forgery, wrongful foreclosure, breach of

contract and fraud.  (ECF No. 1.)  She also requests a preliminary injunction.  For the following

reasons, the plaintiff's request for preliminary injunctive relief is denied, and the complaint is

dismissed without prejudice.

## BACKGROUND

On November 14, 2018, New York State Justice Mark Partnow entered a judgment of

foreclosure on a property at 711 Bushwick Avenue, Brooklyn, New York 11221.  The plaintiff

---

[1]  The case was transferred to this District on the same day.

argues that an unspecified defendant, who initiated the foreclosure action, "was technically [an] artificial person as an entity at the time of filing, and legally and physically could not speak or testify as they were extinct and inoperable . . . [and that] [t]he artificial entity, [] physically could not, and had no legal authority to bring the instant action and invoke the jurisdiction of [the] Superior Court of Kings County." (ECF No. 1 at 67.) The plaintiff alleges, among other things, that she "is the real party in interest and one of the people in the State of New York who use[s] 711 Bushwick Ave." (*Id*. at 10.) She also states that an unspecified defendant wrongfully denied her a loan application, that a forged "promissory note—with my name on it—obligates me to pay $100,000,000.00," and that "[t]he bank recorded the forged promissory note as a loan from me to the bank." (*Id*. at 22.)

The plaintiff asserts at least ten different legal claims. Her primary allegation is that Justice Partnow wrongfully foreclosed on 711 Bushwick Avenue and deprived the plaintiff of an opportunity to be heard in court. The plaintiff also requests an emergency hearing for a "Non-Judicial Temporary Restraining Order – Permanent Injunction." (ECF No. 2.) She seeks an injunction preventing the defendants "from accessing or controlling the property," and "requests the Federal Court to Vacate any judgments or orders from the illegal state court process." (*Id.* at 2.)

## LEGAL STANDARD

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a pro se plaintiff's complaint "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests," *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)), she is nevertheless required to satisfy the same pleading

2

requirements.  Further, a court "cannot invent factual allegations that [the pro se plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

Article III of the Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021).  "For there to be a case or controversy under Article III, the plaintiff must have a personal stake in the case—in other words, standing." *Id*. (cleaned up).  At all stages of litigation, "the party invoking federal jurisdiction bears the burden of establishing the elements of Article III standing." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).  "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion*, 141 S. Ct. at 2203; *see also Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022).

## DISCUSSION

Judges and their support personnel have absolute immunity from lawsuits arising out of judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988).  The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13 (quotations and citations omitted).  Judicial immunity may be overcome only if the plaintiff alleges nonjudicial actions, or if the judicial actions taken were "in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12.  Moreover, the Federal Courts Improvement Act of 1996 extends judicial immunity to § 1983 actions seeking prospective injunctive relief.  The Act specifically provides that "in any action brought against a

judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.

Here, the plaintiff challenges Justice Partnow's decision in a state foreclosure action. Foreclosure actions are clearly within the ambit of his judicial function.  *Deutsche Bank Tr. Co. Americas v. Shields*, 116 A.D.3d 653, 654 (2014) (noting the New York Supreme Court's "jurisdiction to enter the judgment of foreclosure and sale"); *Wentworth v. Femano*, No. 21-CV-3911, 2022 WL 17555297, at *3 (E.D.N.Y. Dec. 9, 2022) ("[I]n ruling on the underlying foreclosure action, Justice Gugerty performed a judicial function—the kind 'normally performed by a judge' and in keeping with 'the expectations of the parties.'" (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978))).  Further, the plaintiff has not alleged that Justice Partnow violated a declaratory decree or that declaratory relief was otherwise unavailable.  Judicial immunity thus extends to any claims for injunctive relief.  Accordingly, all claims against Justice Partnow are dismissed with prejudice.  *Peterson v. Sharpe*, No. 13-CV-0568, 2013 WL 4774640, at *1 (N.D.N.Y. Sept. 4, 2013).

As for the remaining claims, the plaintiff has not satisfied the requirements of Article III standing because she does not establish a "concrete" and "particularized" injury.  She alleges merely that "[t]he defendants violated the plaintiff's right to due process," that "the defendant . . . was technically an artificial person" who "had no legal authority to bring the instant action and invoke the jurisdiction" of the New York state court, and that the plaintiff "is the real party in interest and one of the people in the State of New York who use[s] 711 Bushwick Ave."  (ECF No. 1 at 7–10.)  However, none of these allegations explain the plaintiff's legal relationship to the mortgage or property in question.  Accordingly, her allegations are "speculative" at best.

*Lujan*, 504 U.S. 560–61.  The plaintiff is advised that, as a general rule, she "must assert [her] own legal rights and interests, and cannot rest [her] claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  That means the plaintiff must explain how the defendants caused *her* injuries.  Her claims that the "defendant(s) lacked valid standing to bring this action" in state court, and that "[t]he artificial person defendant" acted "falsely and with crafty intent to mislead" (ECF No. 1 at 8), are insufficient.

For the same reasons, the plaintiff's request for an injunction is denied.  Temporary restraining orders and preliminary injunctions are extraordinary and drastic remedies, *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007), which are "never awarded as of right," *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008), or "as a routine matter" *JSG Training Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 80 (2d Cir. 1990).  *See also D.D. v. New York City Bd. of Educ.*, 03-CV-2489, 2004 WL 633222, at *23 (E.D.N.Y. Mar. 30, 2004).  To obtain such relief, the moving party must show "irreparable harm" and either "(1) likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party seeking preliminary relief." *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund, Inc.*, 598 F.3d 30, 35 (2d Cir. 2010).  The Second Circuit defines irreparable harm as "injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *New York v. U.S. Dep't of Homeland Sec.*, 969 F.3d 42, 86 (2d Cir. 2020) (citation omitted).

The plaintiff has not met the standard for emergency injunctive relief.  She does not show irreparable harm.  Neither does she provide factual allegations to show that she has any legal

right to 711 Bushwick Ave (or any basis to exclude the defendants from the property).  Under these circumstances, the plaintiff has not established a likelihood of success on the merits.

Accordingly, the remaining claims must be dismissed without prejudice.

## CONCLUSION

The plaintiff's request for a preliminary injunction is denied.  All claims against Justice Partnow are dismissed with prejudice.  The remaining claims are dismissed without prejudice.

The plaintiff may amend her complaint within 30 days.  If she decides to file an amended complaint, the plaintiff must clearly state the legal and factual bases for her claims for each defendant and specify why the federal court has jurisdiction.  The plaintiff is advised that the amended complaint will replace the original complaint, must be captioned "Amended Complaint," and must bear the same docket number as this Memorandum and Order: 1:23-CV-5632 (AMD) (PK).  For free, limited-scope legal assistance, the plaintiff may wish to consult the City Bar Justice Center's Federal Pro Se Legal Assistance Project in Brooklyn by calling (212) 382-4729.  No summons will issue at this time and all further proceedings are stayed for thirty days.  If the plaintiff does not amend within 30 days, the Court will enter judgment dismissing the case.

Although the plaintiff paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly

_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
        September 5, 2023