UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

PATRICIA LEWIS,

                      Plaintiff,

        – against –

NATIONSTAR MORTGAGE LLC,
**CHAMPION MORTGAGE COMPANY**, **ROS BORIKEN LLC**, **MARK I. PARTNOW**, **UNITED STATES OF AMERICA**, **SECRETARY OF HOUSING URBAN DEVELOPMENT**, **JAY BRAY**, **JESUS CRUZ**, **JOSEPH GORYEB**, **SUSAN A WEAT**, **SICKI**, **ROSSICKI & ASSOCIATES, P.C.**, and **STEPHANI A. SCHENDLINGER**,

                    Defendants.
------------------------------------------------------------------ X

NOT FOR PUBLICATION

**MEMORANDUM DECISION AND ORDER**

23-CV-5632 (AMD) (PK)

**ANN M. DONNELLY**, United States District Judge:

On June 26, 2023, the *pro se* plaintiff filed this action in the United States District Court for the Southern District of New York; it was transferred to this Court the same day. (ECF No. 1, 7, 8.) The complaint challenged a state court foreclosure on a property located at 711 Bushwick Avenue in Brooklyn, New York. (ECF No. 1.) On September 6, 2023, the Court denied the plaintiff's request for preliminary injunctive relief and dismissed the plaintiff's action with leave to amend in thirty days.[1]

On October 3, 2023, the plaintiff filed a document styled as "Objection and Responses to Court Order" (ECF No. 13), by which the plaintiff submits her "grievance," notes that that "court

---

[1] All claims against Justice Mark Partnow were dismissed with prejudice under the doctrine of judicial immunity. (*Id*. at 3–4).

decisions are out of order and erroneous according to U.S. Supreme Court Mandates," and argues that the Court "[d]enied her claim of sweat equity in the property." (*Id*. at 1–4.)

The plaintiff's submission does not address any deficiencies the Court previously identified—for example, that the plaintiff does not "explain the plaintiff's legal relationship to the mortgage or property in question," despite her claims that she "is the real party in interest and one of the people in the State of New York who use[s] 711 Bushwick Ave." (ECF No. 12 at 4.) Her new submission similarly does not explain her legal relationship to the property, or identify any other "concrete" and "particularized" injury. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Accordingly, the action is dismissed with prejudice.

## CONCLUSION

The Clerk of Court is respectfully directed to enter judgment, mail a copy of this Order to the *pro se* plaintiff, and close the case.

Although the plaintiff paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                                                 s/Ann M. Donnelly

                                                                 ANN M. DONNELLY
                                                                 United States District Judge

Dated: Brooklyn, New York
         October 24, 2023