UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                             :

**PATRICIA LEWIS**,

                            Plaintiff,

                       – against –

**NATIONSTAR MORTGAGE LLC**,
**CHAMPION MORTGAGE COMPANY**, **ROS BORIKEN LLC**, **MARK I. PARTNOW**,
**UNITED STATES OF AMERICA**,
**SECRETARY OF HOUSING URBAN DEVELOPMENT**, **JAY BRAY**, **JESUS CRUZ**,
**JOSEPH GORYEB**, **SUSAN A WEAT**, **SICKI**,
**ROSSICKI & ASSOCIATES, P.C.**, and
**STEPHANI A. SCHENDLINGER**,

                          Defendants.
------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

23-CV-5632 (AMD) (PK)

**ANN M. DONNELLY**, United States District Judge:

On July 26, 2023, the *pro se* plaintiff filed this action alleging 42 U.S.C. § 1983 violations, constitutional due process violations, forgery, wrongful foreclosure, breach of contract and fraud. (ECF No. 1.)[1] The Court dismissed the complaint on October 24, 2023, because the plaintiff lacked Article III standing. (ECF No. 12 at 4–5; ECF No. 14.) Before the Court is the plaintiff's "Motion to Open and Vacate Court's Order and Opportunity to Cure Errors on the Court of Record" (ECF No. 16), which the Court interprets as a Motion for Relief from a Judgment or Order pursuant to Federal Rule of Civil Procedure 60(b)(1). For the following reasons, the plaintiff's motion is denied, and the plaintiff is warned that future frivolous filings may result in sanctions.

---

[1] The plaintiff filed the action in the Southern District of New York, which transferred the case to this District.

The plaintiff challenged the state court foreclosure on a property located at 711 Bushwick Avenue in Brooklyn, New York.  As the Court explained in dismissing the complaint, the plaintiff does not describe her "legal relationship to the mortgage or property in question," despite her claims that she "is the real party in interest and one of the people in the State of New York who use[s] 711 Bushwick Ave."  (ECF No. 12 at 4.)  On September 6, 2023, the Court denied the plaintiff's request for preliminary injunctive relief and dismissed the plaintiff's action with leave to amend in thirty days.  (ECF No. 12.)  The plaintiff did not cure any of the deficiencies discussed in the September 6, 2023 order; accordingly, the Court dismissed this action with prejudice on October 24, 2023, and the Clerk of Court entered judgment on October 27, 2023.  (ECF No. 15.)

On December 18, 2023, the plaintiff filed the instant motion.  The factual and legal assertions, while not entirely clear, largely mirror those the plaintiff made in previous filings.  (*See* ECF Nos. 1, 6, 13.)

## DISCUSSION

Rule 60(b)(1) provides relief from an order or judgment that is premised on a mistake, inadvertence, surprise, or excusable neglect.  Generally, Rule 60(b)(1) "has been invoked to remedy the mistake of a party or his representatives."  *Stefanopoulos v. City of New York*, 299 F. App'x 49, 50 (2d Cir. 2008) (citation omitted).  "Since 60(b) allows extraordinary relief, it is invoked only upon a showing of exceptional circumstances."  *Cent. Vt. Pub. Serv. Corp. v. Herbert*, 341 F.3d 186, 190 (2d Cir. 2003) (citation omitted).  Dissatisfaction with a judgment is not a sufficient allegation of mistake under Rule 60(b)(1).  *Hamilton v. Lee*, 188 F. Supp. 3d 221, 238 (E.D.N.Y. 2016).

The plaintiff does not cite any reason to justify reconsideration of the Court's October 24, 2023 dismissal. Rather, she simply repeats the assertions in her previous filing, including that the Court should "[d]ismiss any and all claims" in the New York Supreme Court "against [the plaintiff] with prejudice." (ECF No. 16 at 12.) The plaintiff does not cite any legal authority to support her position. Accordingly, the plaintiff's motion is denied.

Furthermore, although the plaintiff is proceeding *pro se*, courts "should not excuse frivolous or vexatious filings by *pro se* litigants," nor does a party's *pro se* status "exempt [them] from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (per curiam). The plaintiff is warned that continued frivolous filings—which consume valuable judicial resources—may warrant sanctions, including a filing injunction. *See Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 176 (E.D.N.Y. 2010), *aff'd*, 446 F. App'x 360 (2d Cir. 2011); *Caroline Castellaw, et al., v. Excelsior College*, No. 14-CV-1048, 2021 WL 3046748, at *3 (E.D.N.Y. July 20, 2021).

## CONCLUSION

For these reasons, the plaintiff's motion for relief from judgment is denied with prejudice.

Although the plaintiff paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
April 23, 2024